RECEIVED
APR 8 2025
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| JASON DAVID MONACO | |
| Plaintiff, | Civil Action Number: |
| Vs. | 2:25 CV 0378 |
| EDWARD PERKINS, et al. | Judge: JUDGE MARBLEY |
| Defendants, | Magistrate Judge: MAGISTRATE JUDGE JOLSON |

## 42 U.S.C. SECTION 1983 VERIFIED COMPLAINT

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court for The Southern District of Ohio is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### II. PLAINTIFF

3. Plaintiff, Jason David Monaco, is and was at all times mentioned herein a prisoner of the State of Ohio in the custody of the Ohio Department of Rehabilitations Corrections. Mr. Monaco is currently confined in Noble Correctional Institution, in Caldwell Ohio.

### III. DEFENDANTS - EACH ACTING UNDER THE COLOR OF STATE LAW & LIABLE IN THEIR INDIVIDUAL CAPACITIES

4. Defendant, Edward Perkins is an Officer of the Ohio Department of Rehabilitations and Corrections who, at all times mentioned in this complaint, held rank of Lieutenant Supervisor of the Mailroom and was assigned to Noble Correctional Institution.

5. Defendant, Annette Chambers-Smith is the Director of the Ohio Department of Rehabilitations and Corrections who, at all times mentioned in this complaint, held rank of Director of the ODRC.

1

## IV. Statement of FACTS in Support of Claims

6. Ohio's New Procedures for Classifying "Legal Mail" was adopted February 1st, 2022, signed and approved by Defendant Annette Chambers-Smith on this date. A detailed description of the policy can be found in Case *Straughter v. Eddy*, 2023 U.S. Dist. LEXIS 172839, 2023 WL 6290069 (Southern Dist. Ohio September 27, 2023) *at 5*. Defendant Perkins has been on notice under *Knopp v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) since November 28th, 2022 (NCI1122002881, Audit Request# 334799141) when Mr. Monaco clearly stated in his kite directly to Mr. Perkins: "Hello, I would like all legal mail from the courts to be opened in front of me and signed for by me. Thanks, Jason".

7. Mr. Perkins was reminded again February 17th, 2023 (NCI0223001944) in a separate but related incident, by Mr. Monaco stating again that he wants all mail from the courts, and legal mail in general, opened in his presence. Mr. Perkins argued that "the mail in question was not legal mail as it did not have a control number" Mr. Monaco escalated the grievance citing: "mail to an inmate from federal, state, or local prosecuting authorities should be treated as confidential legal mail. 413 F. Supp. at 723." (Citing *Stover) Muhammad v. Pitcher*, 35 F.3d 1081 (6th Cir. 1994) (NCI0223001944) This is reinforced by *Sallier v Brooks*, 343 F.3d 868, 873 (6th Cir. 2003) Mr. Monaco withdrew grievance NCI0223001944 upon conversation with then Inspector Neff in relation to the specific instance in this case where a request to a law-firm to help him in his 1983 case *against* the ODRC (2:22-CV-02888) was RTS'ed and opened, read and copied; as the chances of that specific series of events happening again was not likely where the term "legal mail" was covered up by the USPS return label. *This did not change* the "on notice" status to Mr. Perkins as it was in writing again, as shown on multiple occasions, and was even specified to Mr. Neff as such at that time.

8. The Defendant Edward Perkins did not instruct his staff to treat all mail from the Courts that was addressed to Mr. Monaco as "legal mail" as requested. All items listed in Tables 1 and 2 below show dates of mail sent in from the docket in two Federal cases, 2:22-CV-02888 in the Southern District of Ohio, and 5:24-CV-01271 in the Northern District of Ohio. All mail from the Courts was opened and copied and read by institutional staff and continues to be regardless of the order and request. A total of 29 documents were opened outside of Mr. Monaco's presence, read and copied by staff members, frustrating and delaying delivery of time sensitive documents. Fourteen (14) of these documents were opened, copied and read by ODRC staff *after* the stipulated court order as detailed in the following: "**June 25, 2024 Stipulated Order, Case No. 2:22-cv-21, ECF No. 91.**" *Rutherford v. Free*, 2025 U.S. Dist. LEXIS 7880, 2025 WL 104347 (Southern Dist. Ohio January 15, 2025) *at 9*. The ODRC continues to act as if the date is unclear: "When deposed, Brian Wittrup, ODRC director's chief policy and strategy advisor, testified state courts are required to affix a control number to all legal mail but mail from federal courts is now exempt from the policy and treated as legal mail even without a control number. (ECF #47 at PageID 400). This change occurred on advice from ODRC's legal department. (Id. at PageID 398). This change began after complaints from federal courts about the procedure,

2

though the precise date was uncertain. (Id. at PageID 397-98)." *Quinn v. Rodriguez*, 2025 U.S. Dist. LEXIS 34228, 2025 WL 623762 (Northern Dist. Ohio February 26, 2025) *at 11*

9. Under Mr. Perkins and Annette Chambers-Smith direction, Mr. Monaco's time-sensitive legal mail, Doc#25, Magistrates 67-page R&R, recommending dismissal of Mr. Monaco's Habeas, Case No. 5:24-CV-1271, filed and mailed on February 4th, 2025 was intercepted and withheld without notice to Mr. Monaco upon arrival at Noble Correctional Institution. To which Mr. Monaco sent an electronic message, kite/request #532566681 on February 16th, 2025 clearly indicating that mail was missing from a Federal Court: "**I am missing a fairly large document of around 60 pages from the US District Court addressed to me that would have been sent on February 4th, 2025, to this address. It is called out as sent here in another letter from them sent on the 11th, and received on the 14th which states "a copy of Report and Recommendations mailed to Jason David Monaco…on 2/4/25". Please check on this document. Thank you**" Mr. Perkins replied to said request on 2/18/25: "Your item was returned to sender as it did not have a control number and not legal mail. You are not permitted that many pages in one envelope."

10. As an example of a continuing issue, Mr. Monaco's legal mail was opened outside his presence after the notice *supra* as evidenced in **Table 1 and Table 2**.

**TABLE 1. KNOWN VIOLATIONS UNDER *Knopp/Rodgers/Sallier* "Notice" FROM 2:22-CV-02888**

| No. | DATE | DESCRIPTION |
|---|---|---|
| 1 | 12/06/2022 | Doc#18 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 2 | 12/15/2022 | Doc#21 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 3 | 12/15/2022 | Doc#22 The Clerk mailed a copy of the dockets listed above as directed to Plaintiff, Jason David Monaco, 778390, NOBLE CORRECTIONAL INSTITUTION, 15708 McConnelsville Road, Caldwell, OH 43724 via regular mail |
| 4 | 1/23/2023 | Doc#25 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 5 | 2/13/2023 | Doc#28 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 6 | 2/24/2023 | Doc#30 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |

| 7 | 3/31/2023 | Doc#35 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 8 | 4/13/2023 | Doc#38 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 9 | 4/24/2023 | Doc#43 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 10 | 5/01/2023 | Doc#46 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 11 | 7/11/2023 | Doc#48 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 12 | 8/15/2023 | Doc#50 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 13 | 1/25/2024 | Doc#66 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 14 | 2/22/2024 | Doc#67 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 15 | 3/22/2024 | Doc#71 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |

**TABLE 2. KNOWN VIOLATIONS UNDER *Knopp/Rodgers/Sallier* "NOTICE" AND DIRECT CONTEMPT OF STIPULATED ORDER UNDER 2:22-CV-21 ECF No. 91**

| No. | DATE | DESCRIPTION |
|---|---|---|
| 1 | 7/02/2024 | 2:22-CV-02888 Doc#72 Magistrates R&R-time sensitive |
| 2 | 7/15/2024 | 2:22-CV-02888 Doc#74 ORDER (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) -time sensitive |
| 3 | 7/25/2024 | 5:24-CV-01271 Doc#2 (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) |
| 4 | 7/25/2024 | 5:24-CV-01271 Doc#4 Initial Order mailed to Jason David Monaco 778390 Noble Correctional Institution 15708 McConnelsville Road Caldwell, OH 43724 on 7/25/2024 |
| 5 | 8/22/2024 | 2:22-CV-02888 Doc#78 OPINION AND ORDER (This document was sent by regular mail to the party(ies) listed |

4

| | | |
|---|---|---|
| | | in the NEF that did not receive electronic notification) - time sensitive |
| 6 | 8/22/2024 | 2:22-CV-02888 Doc#79 JUDGEMENT (This document was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) -time sensitive |
| 7 | 8/26/2024 | 5:24-CV-01271 Doc#5 Copy of Automatic Reference of Administrative Action mailed to Jason David Monaco 778390 at Noble Correctional Institution 15708 McConnelsville Road Caldwell, OH 43724… |
| 8 | 8/27/2024 | 5:24-CV-01271 Doc#6 Copy of 6 Magistrate Judge's Initial Order mailed to Jason David Monaco 778390 at Noble Correctional Institution 15708 McConnelsville Road Caldwell, OH 43724 on 8/27/2024 |
| 9 | 9/05/2024 | 5:24-CV-01271 Copy of non-document Order on Motion for leave, mailed to Jason David Monaco 778390, at Noble Correctional Institution, 15708 McConnelsville Road Caldwell, OH 43724 |
| 10 | 10/04/2024 | 5:24-CV-01271 Copy of non-document Order on Motion for extension of time to answer mailed to Jason David Monaco 778390, at Noble Correctional Institution, 15708 McConnelsville Road Caldwell, OH 43724 |
| 11 | 10/30/2024 | 5:24-CV-01271 Copy of 16….18…17… mailed to Jason David Monaco 778390, at Noble Correctional Institution, 15708 McConnelsville Road Caldwell, OH 43724 |
| 12 | 11/26/2024 | 5:24-CV-01271 Copy of Order on Motion for extension of time mailed to Jason David Monaco at Noble Correctional Institution 15708 McConnelsville Road Caldwell, OH 43724 |
| 13 | 2/04/2025 | 5:24-CV-01271 Copy of 25 Report and Recommendation (NEVER DELIVERED) -time sensitive |
| 14 | 2/14/2025 | 5:24-CV-01271 Doc#27 |

## V. EXHAUSTION OF GRIEVENCE PROCEEDURES

11. Mr. Monaco placed mailroom staff "On Notice" *Sallier,* with Kite NCI1122002881 on November 28th, 2022 stating: "Hello, I would like all legal mail from the courts to be opened in front of me and signed for by me. Thanks, Jason". Mr. Perkins and the ODRC Staff were again given written notice in Grievance NCI0223001944 on February 17th, 2023 even citing *Rodgers v. Driesbach*, 2021 U.S. Dist. LEXIS 42280, 2021 WL 854971 (Southern Dist. Ohio March 8, 2021) at 5, *Knopp v. Johnson*, 977 F.2d 996 and *Muhammed v. Putcher*, 35 F.3d 1081. In Kite Complaint 2/16/2025 Req.#532566681, Mr. Monaco specifically references his R&R from the Federal Court sent on 2/04/25 that he was missing and never received. Mr. Monaco then filed Grievance NCI000000003478 (finalized March 20th, 2025), referencing back to the previous kites and grievance of being "on notice" concerning legal mail from the courts, and quoting the stipulated court order (2:22-CV-21 *Allah v. Smith*) within it reminding them that they are

5

willfully and intentionally violating a court order from the Federal Court. Mr. Monaco explicitly requested his timestamped document (Doc#25) to be given to him in the grievance. On March 20th, 2025, the Chief Inspector only went as far as stating that they will make a recommendation to not have a page limit on court documents, but at the same time affirming the Inspectors carbon copy of policy, policy itself that is in violation of law, the constitution, and court order.

## VI. LEGAL CLAIMS FOR RELIEF

12. Mr. Monaco's 1st Amendment Rights to access the courts and privacy/confidentiality of legal matters, have been violated on multiple ongoing occasions as can be verified through discovery. As to all Constitutional 1st Amendment violations referenced in both Table 1. and 2., they [Defendants] are in violation individually and collectively under *Knopp, Sallier,* and *Rodgers*. Under the following legal reasoning and analysis: "[T]he United States Court of Appeals for the Sixth Circuit Court has approved an opt-in system in which prison officials may open any mail outside a prisoner's presence unless the prisoner has affirmatively requested that mail sent by a court or counsel be opened only in the prisoner's presence. See Knop v. Johnson, 977 F.2d 996, 1012 (6th Cir. 1992), cert. denied, 507 U.S. 973 (1993) …. when a prison official is on notice, either by virtue of prison policy or regulation or **prisoner request**, the official may not open legal mail outside the prisoner's presence." *Rodgers v. Driesbach*, 2021 U.S. Dist. LEXIS 42280, 2021 WL 854971 (Southern Dist. Ohio March 8, 2021) *at 5*. As to Table 2., they [Defendants] are in violation in addition to "prisoner request" *Rodgers,* individually and collectively under the stipulated court order in *Allah v. Smith* 2:22-CV-21, June 25th, 2024 (ECF 91).

### DEFENDANT EDWARD PERKINS

13. The Defendant, Edward Perkins did continue to instruct in his individual capacity, his mailroom staff to open, read inspect and copy Mr. Monaco's legal mail from the Federal Courts outside Mr. Monaco's presence, causing undue delays in proceedings and frustrating access to the courts while acting under the color of state law. Referencing Tables 1 & 2, the opening and reading outside Mr. Monaco's presence violates his right to confidentiality of legal mail. The hassles caused by this process frustrated litigation by inducing stress and anxiety, effecting Mr. Monaco's ability to properly attack his case. The hassles caused by this process lead Mr. Monaco to stop pursuing his civil 1983 case after it was dismissed so that he could focus his efforts on his habeas. Had the ODRC and Mr. Perkins not placed barriers to access of the courts in violation of Mr. Monaco's first amendment rights, Mr. Monaco would have appealed to the 6th Circuit in Case No. 2:22-CV-02888. For each of the infractions, the Plaintiff requests nominal damages of $1 for each, and punitive damages of $1000 for each violation ($29000 punitive, $29 nominal).

14. The hassles, interference and frustration has caused extreme difficulties in arguing his habeas case. Mr. Monaco did not receive the time sensitive time stamped copy of the R&R, Doc #25 that was filed on February 4th, 2025 because it was "not legal mail…didn't have a control number…not permitted that many pages..." (Mr. Perkins, Kite Complaint 2/16/2025 Req.#532566681) This outright denied access to the court. Mr. Monaco was purposely not

6

notified that this document was being withheld with the intention of causing his case to be dismissed. Mr. Perkins did this under the color of state law, in his individual capacity.

15. As to Table 2., all instances listed are in violation of the 1st Amendment of the US Constitution as access to the courts. All are also in direct violation of a Stipulated Court Order "June 25, 2024 Stipulated Order, Case No. 2:22-cv-21, ECF No. 91." *Rutherford v. Free*, 2025 U.S. Dist. LEXIS 7880, 2025 WL 104347 (Southern Dist. Ohio January 15, 2025) *at 9*. All mail listed in both Table 1. and Table 2. were opened and copied, adding additional delay to time sensitive actions in Federal Court thereby frustrating and impeding first amendment access to the courts. For each of these infractions, being direct violations of the stipulated court order with deliberate indifference to the constitutional rights of the Plaintiff and this Federal Court including all Americans, the Plaintiff seeks $1 in nominal and $10000 for each instance ($140,000 punitive, $14 nominal).

**DEFENDANT ANNETTE CHAMBERS-SMITH**

16. Acting under the color of state law, Defendant Annette Chambers-Smith knowingly enacted policy 75-MAL-03 on or about February 1st, 2022 with the intent of frustrating and limiting access to the courts, in violation of the first amendment rights of all prisoners within the ODRC, including the Plaintiff, Mr. Monaco. All documents from the courts should be promptly delivered to inmates. The "on notice" opt-in system has been in place since *Sallier v. Brooks* in 2003 *supra*. Defendant Chambers-Smith knew or should have known this case and the fact that all mail from courts is to be considered legal mail and treated as such under this caselaw. This includes all mail in both Table 1 and 2 *supra*. For each of the infractions, the Plaintiff requests nominal damages of $1 for each, and punitive damages of $1000 for each violation ($29000 punitive, $29 nominal).

17. As to Table 2., all mail listed was intentionally and willfully in violation of a stipulated court order under Defendant Chambers-Smith's direction and authority. The Policy has not been changed with the purpose and intent of preventing access to the courts as directed. Defendant Chambers-Smith did this in her individual capacity. For each of these infractions, being direct violations of the stipulated court order with deliberate indifference to the constitutional rights of the Plaintiff and this Federal Court including all Americans, the Plaintiff seeks $1 in nominal and $10000 for each instance ($140,000 punitive, $14 nominal).

18. Stipulated order for reference: "ODRC, its institutions, and its mailrooms, mailroom supervisors, mailroom staff, and institution staff and employees, [will] treat all mail sent from the United States District Courts, including the Northern District of Ohio and the Southern District of Ohio, and the United States Sixth Circuit Court of Appeals, and the United States Supreme Court ("federal courts") as "legal mail" whether or not it was assigned a control number. All mail sent by federal courts and addressed to incarcerated persons at the address of record, shall be delivered to the incarcerated person at the institution where he or she is housed and processed and treated at the institution by ODRC staff and employees as legal mail under the processes promulgated and required under ODRC Policy No. 75-MAL-03." *Rutherford at 9-10*

7

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

19. The Plaintiff demands:

    A. Trial by jury on all of the issues triable to a jury;
    B. Actual and nominal damages in excess of $29.00, against each Defendant severally and jointly, ultimately to be determined by a jury;
    C. Punitive damages in excess of $169,000 (x2 $378,000), against each Defendant severally and jointly, ultimately to be determined by a jury;
    D. Plaintiffs costs in this suit including Attorney fee's
    E. Any other relief that the court determines just, proper and equitable.

## VERIFICATION

I have read the foregoing and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct. Executed at Caldwell, Ohio on the 2nd of April, 2025

Jason David Monaco

DATE April 3rd, 2025

Respectfully submitted,

Jason David Monaco, *pro se* (778390)
Noble Correctional Institution, E2-E51
15708 McConnelsville Road
Caldwell, Ohio 43724

*Handed to Prison Staff on above date.

8