IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON D. MONACO, | : | |
| | : | Case No. 2:25-cv-378 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Douglas R. Cole |
| | : | |
| EDWARD PERKINS, *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO STAY

NOW COME Defendants, Edward Perkins and Interested Party State of Ohio[1] ("Defendants"), by and through counsel, and respectfully move this Court to stay all proceedings in this case pending resolution of *Shine-Johnson, et al. v. Chambers-Smith, et al.,* Case No. 2:22-cv-3236 (S.D. Ohio), which raises substantially similar legal and factual issues concerning the constitutionality and implementation of Ohio Department of Rehabilitation and Correction ("ODRC") Policy No. 75-MAL-03 and related amendments to Ohio Admin. Code § 5120-9-17.

A Memorandum in Support is attached.

---

[1] Under R.C. § 109.361, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee. Such appearance does not waive personal service and any defenses available at law. Plaintiff has attempted to perfect service upon Annette Chambers-Smith, which has not been returned to this Court as accepted. Should the Plaintiff perfect service on Defendant Annette Chambers-Smith, the State of Ohio could be statutorily obligated to represent them. This constitutes the State's interest.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General


/s/ *Nicole Claire Hendrix*
NICOLE CLAIRE HENDRIX (0104232)*
    *Lead Counsel*
JENNIFER A. DRISCOLL (0073472)
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7233/Fax: 866-372-7129
Nicole.Hendrix@OhioAGO.gov
Jennifer.Driscoll@OhioAGO.gov

*Counsel for Defendants*

2

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

*Pro se* Plaintiff, Jason David Monaco ("Plaintiff"), an incarcerated individual at Noble Correctional Institution ("NCI"), commenced action alleging Defendants violated his the ODRC "legal mail" policies that include opening his "legal mail" outside of his presence and not treating mail from federal courts as "legal mail." However, Plaintiff's allegations involve factual disputes regarding the classification of mail, institutional procedures, and the scope and timing of the policy's implementation.

Similar claims have been raised in numerous cases related to the ODRC legal mail policy, including numerous pending cases, one a class action suit. *Swain v. Chamber-Smith*, Case No. 2:23-cv-02809-ALM-CMV, Doc. 81 at PageID 894, fn1. As such, this Court has been staying cases *sua sponte,* including, but not limited to, *Swain,* 2:23-cv-2809; *Holmes*, 2:23-cv-3147; *Bushner*, 1:25-cv-501; *Goldy Thompson,* 2:25-cv-143; *Willimas*, 2:24-cv-393.

In *Shine-Johnson*, Case No. 20 2:22-cv-3236 (S.D. Ohio), the Court has appointed counsel, and the case is proceeding through discovery with a dispositive motion deadline set for December 15, 2025. The outcome of *Shine-Johnson* is likely to address and potentially resolve key legal questions that are also central to the present case.

**II.   LAW AND ARGUMENT**

Fed. R. Civ. P. 26(c) permits a district court to issue a protective order staying discovery (including dispositive motions) during the pendency of a motion for "good cause shown." Fed. R. Civ. P. 26(c). "It is settled that entry of an order staying a deadline pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Williams v. Scottrade, Inc.*, 2006 U.S. Dist. LEXIS 44438, *1 (E.D. Mich. 2006). "Trial courts have broad discretion and

3

inherent power to stay deadlines until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), cert denied, 529 U.S. 1020 (2000) (citations omitted).

Fed. R. Civ. P. 6(b) provides that upon motion, a court may extend the period of time to perform an act if the request is made before the expiration of time originally prescribed when good cause is shown. Of significance, limitation may be appropriate where claims are subject to dismissal "based on legal determination." *Muzquiz v. W.A. Foote Mem'l. Hosp., Inc.* 70 F.3d 422, 430 (6th Cir. 1995). When a party seeks a stay, rather than a prohibition, the burden upon the party requesting the stay is lighter than it would be if the party was seeking total freedom from meeting a deadline. *Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983).

A stay is warranted under the Court's inherent authority to manage its docket and promote judicial economy. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010). Courts routinely stay proceedings where a parallel case may resolve overlapping legal issues, thereby avoiding duplicative litigation and inconsistent rulings. See *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 795 (6th Cir. 2016).

Given the substantial similarity between this case and *Shine-Johnson*, as well as other cases this Court has recently stayed and the advanced posture of the latter, a stay would conserve judicial resources and avoid unnecessary litigation costs for all parties. *See*, for example, *Thompson v. Ohio Department of Rehabilitation and Corrections, 2:25-cv-143-SDM-KAJ* (S.D. Ohio) and *Bushner v. Barrett, et al., 1:25-cv-501- SJD-SKB* (S.D. Ohio).

4

III.     **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court stay all proceedings in this matter pending resolution of *Shine-Johnson* and grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    DAVE YOST (0056290)
    Ohio Attorney General

    */s/ Nicole Claire Hendrix*
    NICOLE CLAIRE HENDRIX (0104232)*
        *Lead Counsel*
    JENNIFER A. DRISCOLL (0073472)
    Assistant Attorneys General
    Criminal Justice Section
    Corrections Litigation Unit
    30 E. Broad Street, 23rd Floor
    Columbus, Ohio 43215
    (614) 644-7233/Fax: 866-372-7129
    Nicole.Hendrix@OhioAGO.gov
    Jennifer.Driscoll@OhioAGO.gov

    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Defendants' Motion to Stay* has been electronically filed on September 3, 2025, and mailed to Plaintiff, Jason David Monaco, #A778-390, at the Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, via U.S. mail, postage prepaid.

    */s/ Nicole Claire Hendrix*
    NICOLE CLAIRE HENDRIX (0104232)
    Assistant Attorney General